# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENNETH JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>HOOD PACKAGING CORPORATION, and MANAGEMENT ANALYSIS & UTILIZATION, INC. d/b/a MAU WORKFORCE SOLUTIONS<br><br>    Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kenneth Johnson ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to the Americans with Disabilities Act, as amended ("ADA"), against Defendants Hood Packaging Corporation ("Defendant" or "Hood Packaging") and Management Analysis & Utilization, Inc. d/b/a MAU Workforce Solutions ("Defendant" or "MAU") (collectively "Defendants") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendants' violation of his rights under the ADA.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, the acts and omissions that give rise to Plaintiff's claims occurred in this District. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f).

## PARTIES

4.

Defendant MAU Workforce is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District. Defendant Hood Packaging is qualified and licensed to do business in Georgia, and

at all times material hereto has conducted business within this District. Defendants are subject to specific jurisdiction over the claims asserted herein.

5.

Defendant MAU Workforce may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Randall W. Hatcher located at 501 Greene St., Augusta, GA 30901. Defendant Hood Packaging may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System located at 289 S Culver Street, Lawrenceville, GA 30046-4805.

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff timely filed charges of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC").

7.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to each of Plaintiff's EEOC Charges against Defendants, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notices of Right to Sue".

9.

On or about August 6, 2021, MAU Workforce Solutions ("MAU"), a staffing agency, placed Plaintiff with Defendant Hood Packaging in a packaging role.

## FACTUAL ALLEGATIONS

10.

Plaintiff suffers from a disability, of which the employers had knowledge at all times relevant. In particular, Plaintiff suffers from diabetes.

11.

On or around August 8, 2021, just a couple of minutes before Plaintiff's shift ended, Plaintiff's blood sugar crashed due to his diabetes. When this happened, Plaintiff was unable to concentrate or think, and he walked over to the breakroom to get something to eat. Plaintiff informed his Hood Packaging supervisor that he was a diabetic and his blood sugar was low.

12.

On or about August 9, 2021, Plaintiff took the day off for an eye appointment, which was approved by MAU.

13.

On or around August 10, 2021, before his shift, Plaintiff received a call from Brenda or Imani at MAU to tell him Hood Packaging decided not to continue his employment because Plaintiff acted "weird" at the end of his shift on August 8, 2021. Defendant was referring to Plaintiff's low blood sugar incident, which occurred two (2) days before. Plaintiff also explained to the MAU phone representative that he was a diabetic.

14.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disability.

15.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendants, including lost wages and emotional distress.

16.

Defendant Hood Packaging had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including his job duties, supervision, and termination.

17.

Defendant MAU Workforce had control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation. Defendants jointly employed Plaintiff and are therefore jointly liable for violating the ADA by the conduct described herein.

18.

Defendant has now, and at all times relevant hereto, been an employer subject to the Americans with Disabilities Act ("ADA").

## **CLAIMS FOR RELIEF**

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)**

19.

Plaintiff repeats and re-alleges paragraphs 7-17 as if set forth fully herein.

20.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

21.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

22.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

23.

At all times relevant to this action, Defendants and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendants' termination of Plaintiff.

24.

Plaintiff's disability was a determinative factor in Defendants' decision to terminate Plaintiff.

25.

At all times relevant, Plaintiff could perform the essential functions of his position, with or without a reasonable accommodation.

26.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

27.

In terminating Plaintiff, Defendants discriminated against Plaintiff because of his disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

28.

As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendants.

29.

Defendants discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

30.

Plaintiff is entitled to lost wages, compensatory and punitive damages, attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Special damages for lost wages;

(c) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 19th day of July 2022.

**BARRETT & FARAHANY**

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com